Julie A. Mersch, Esq.
Nevada Bar No. 004695
LAW OFFICE OF JULIE A. MERSCH
428 S. 4th Street
Las Vegas, NV  89101
(702) 387-5868
Fax (702) 387-0109
jam@merschlaw.com
*Attorney for Plaintiff Mark Polston*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARK POLSTON, | CASE NO.: 2:24-cv-01408-JCM-BNW |
| Plaintiff, | |
| vs. | **DISCOVERY PLAN AND SCHEDULING ORDER** |
| NORFOLK SOUTHERN CORPORATION LONG-TERM DISABILITY BOARD OF MANAGERS as Plan Administrator of the Norfolk Southern Corporation – RBO Long-Term Disability Plan; HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY as Claims Administrator for the Norfolk Southern Corporation –RBO Long-Term Disability Plan, | **(Special Scheduling Review Requested)** |
| Defendants. | |

Plaintiff MARK POLSTON and Defendants (named in the Complaint as) NORFOLK SOUTHERN  CORPORATION LONG-TERM DISABILITY BOARD OF MANAGERS ("NSC") and HARTFORD LIFE AND ACCIDENT  INSURANCE COMPANY ("HARTFORD")[1] jointly request special scheduling review and submit the following discovery plan and order for this case.

**I.    Rule 26(f) Conference.**

In accordance with Fed. R. Civ. P. 26(f), a telephonic conference was held on

---

[1] As noted below, Defendants have answered the Complaint on behalf of different entities as they allege that the named Defendants are no longer legal entities.

November 13, 2024 between Julie A. Mersch, counsel for the Plaintiff, and Kristina N. Holmstrom, counsel for NSC and HARTFORD.  The parties agree that the standard discovery plan is not best suited for this lawsuit, for the reasons set forth below.  The parties further certify, pursuant to LR 26-1(b)(7-8), that they have met and conferred regarding the possibility of using alternate dispute-resolution processes. The provisions of LR 26-1(b)(9) do not apply as no jury trial is demanded or allowed in this matter.

## II.     Nature of Case and Purpose of Special Review.

The Plaintiff's complaint alleges a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), seeking, *inter alia*, reinstatement of long-term disability benefits terminated by HARTFORD and payment of past benefits. This action is brought pursuant to § 502(a)(1)(B) of ERISA (29 U.S.C. §§ 1132 (a)(1)(B)) for wrongful denial of benefits.  Plaintiff further alleges breach of fiduciary duty under ERISA §502(a)(3), 29 U.S.C. §1132 (a)(3) and wrongful failure to provide plan documents to Plaintiff as requested under ERISA §502(c)(1), 29 USC §1132(c)(1) against Defendant NSC Board of Managers.

The parties currently dispute the identities of the proper defendants. Defendants have answered separately. Both Defendants have averred in their Answers that "DEFENDANT VICE PRESIDENT – HUMAN RESOURCES OF NORFOLK SOUTHERN CORPORATION, AS PLAN ADMINISTRATOR OF THE NORFOLK SOUTHERN CORPORATION ("NSC") CHOICEPLUS BENEFITS PLAN" and "HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, AS CLAIM ADMINISTRATOR FOR PLAINTIFF'S LONG-TERM DISABILITY CLAIM UNDER THE NORFOLK SOUTHERN CORPORATION CHOICEPLUS PLAN" are the properly named defendants and have identified plan names and documents in their respective Answers, accordingly. Plaintiff Mark Polston awaits Defendants' Fed.R.Civ.P. 26 disclosures, including supporting declarations as appropriate, in support of Defendants' averments and denials in their

respective Answers.

No discovery plan and scheduling order is generally required for review of an administrative record. LR 16-1(c)(1). An action for an administrative review usually requires that the parties file a briefing schedule. LR 16-1(c). Accordingly, the parties jointly request that this Court review and adopt the proposed non-standard discovery and case schedule set forth below:

### III.  Proposed Plan

The parties have conferred and agree as follows:

**A.  Production of the Administrative Record:** Defendants will disclose a copy of the ERISA administrative record by **Friday, January 10, 2025.**

**B.  Meet and Confer Period:** Due to the time that counsel have already met and conferred over 1) the applicable plan documents and 2) names of the proper defendants -- with no final resolution achieved to date -- Plaintiff contends that he will need to file at least one motion to supplement the administrative record and is entitled to conduct discovery on these two items. Plaintiff anticipates that motion practice will be required, depending on what declarations, if any, are included in the Administrative Record submitted by Defendants. Upon receipt of the Administrative Record on January 10, 2025, Plaintiff will review same and be in a better position to further meet and confer and isolate the remaining disputes. Defendants do not concede that discovery is appropriate or permissible under the facts of this case.

Accordingly, Plaintiff and Defendants will meet and confer by **Friday, January 31, 2025** as to 1) the type of discovery and scope of discovery that Plaintiff contends is permissible and should be conducted, with reasonable specificity (including proposed written discovery where possible); and 2) whether the parties agree regarding the contents of the Administrative Record, including whether materials should be added and/or removed therefrom. Any discovery that the parties agree is permissible ERISA discovery shall be

served by **Friday, February 7, 2025** and answered by **March 10, 2025**. Any materials that the parties agree should be added to or removed from the Administrative Record shall be done so by **Monday, March 10, 2025**. Counsel for the parties will continue to meet and confer (as necessary) upon receipt of any discovery responses or additions/removals from the Administrative Record.

       **C.**    **Briefing re: ERISA Discovery Disputes:** To the extent that, after the meet and confer and discovery period, the parties still disagree as to 1) the permissible scope of discovery and type of discovery and/or 2) the contents of the Administrative Record, on or before **Monday, April 14, 2025**, the parties will simultaneously brief the Court and request a ruling on any remaining disputes.

       **D.**    **Filing of ERISA Administrative Record and Briefing of the Merits of the Case:** If no discovery briefs are filed under Paragraph III.C., above, on or before **Monday, April 28, 2025**, Defendants will file the Administrative Record with this Court, the contents of which will be agreed upon by the parties. The parties jointly request to file the administrative record under seal. It is over 1,000 pages long and contains personal identifiers on most pages. Redacting the record would be prohibitively time-consuming and expensive. Additionally, the administrative record contains Plaintiff's sensitive medical and behavioral health records. Plaintiff will confer with Defendant prior to the filing of the Administrative Record to the extent there are materials contained therein which he believes are not sensitive or do not contain personal identifiers. As of the filing of this document, Plaintiff does not agree to a blanket seal of the entire Administrative Record. If a joint Administrative Record is timely filed and simultaneous motions are not filed under Paragraph III.C., above, the parties propose that Plaintiff's Rule 56 and/or Rule 52 motion be filed no later than **Monday, May 26, 2025**. Defendant's response will be due by **Monday, June 30, 2025**, and Plaintiff's reply memoranda will be due by **Monday, July 14, 2025**.

       If motion(s) are filed under Paragraph III.C., above, the deadlines set forth in

this Paragraph III.D. will be suspended.  The parties will propose new deadlines after any discovery motion has been ruled upon, to take into account any additional discovery time permitted.

**IV.     Settlement.**

The parties are currently engaging in settlement discussions.

DATED:  December 20, 2024            LAW OFFICE OF JULIE A. MERSCH

By:   /s/ Julie A. Mersch
JULIE A. MERSCH
jam@merschlaw.com
Nevada Bar No.: 004695
428 S. 4th Street
Las Vegas, NV 89101
*Attorney for Plaintiff Mark Polston*

DATED:  December 20, 2024            OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:   /s/  Kristina N. Holmstrom
KRISTINA N. HOLMSTROM
kristina.holmstrom@ogletree.com
10801 W. Charleston Blvd., Ste. 500
Las Vegas, NV 89135
*Attorneys for Defendants HARTFORD and NSC*

**IT IS SO ORDERED:**

Dated this   23   day of   December   , 2024.

_____
UNITED STATES MAGISTRATE JUDGE